UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JESUS MARINO QUINTERO FLORES,

Petitioner,

v.

FERETI SEMAIA, et al.,

Respondents.

Case No. 5:26-cv-04717-PD

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE**

**A# 077-298-798**

Jesus Marino Quintero Flores ("Petitioner") filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking a bond hearing or release from Respondents' custody at the Adelanto ICE Processing Center in Adelanto, California. Dkt. No. 1. Pursuant to General Order 26-05, Respondents' answer was due August 26, 2026. *See* Dkt. No. 6. No timely answer was filed.

## I. Background

The Court incorporates by reference, the allegations set forth in the Petition. Dkt. No. 1.

## II. Discussion

The Petition raises three claims: (1) Petitioner's detention violates the Administrative Procedure Act ("APA") because it violates the preliminary injunction in *Immigr. Ctr. for Women & Child. v. Noem*, 351 F.R.D. 324 (C.D. Cal. 2026); (2) procedural due process required notice and opportunity to be heard before re-detention; and (3) Petitioner's re-detention violates substantive due process.

## III. Procedural Due Process

This Court and other courts in this District have found that re-detention, without notice or a pre-deprivation hearing, of a noncitizen who had been released on conditions shortly after their entry into the United States and had complied fully with those conditions, violated procedural due process. *See Cruz v. Lyons, et al.,* No. 5:25-cv-02879-MCS-MBK, 2025 WL 4051129 (C.D. Cal. Nov. 6, 2025) (granting temporary restraining order releasing noncitizen who had been paroled into the United States and was re-arrested at appointment with USCIS); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *1 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026) (granting petition for noncitizen who had been paroled in the United States and was re-arrested at ICE check-in). *See also M.V.F. v. Santacruz*, No. 2:25-cv-11700-MEMF-E, 2025 WL 3691419, at *5 (C.D. Cal. Dec. 19, 2025) (granting TRO ordering release of noncitizen who had been released on their own recognizance shortly after entering the United States and was re-arrested at ICE check-in).

As in these cases, the Court considers Petitioner's procedural due process claim under the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). The *Mathews* test balances three factors:

> First, the private interest that will be affected by the official action; second the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335.

### 1. Private Interest

Petitioner has a substantial private interest in remaining out of custody. Petitioner has resided in the United States continuously since 2000. He is married to a U.S. citizen wife and has four U.S. citizen children between the ages of 14 and 24. Petitioner's three minor children rely on him for their financial and emotional support, care and guidance. Petitioner is the owner and primary operator of JMQ Construction Inc., a family business that provides an important source of income for his household. On February 18, 2022, Immigration and Customs Enforcement ("ICE") exercised its discretion to release Petitioner from custody under the Alternatives to Detention ("ATD") program and granted him parole under 8 C.F.R. § 212.5(b). *See* Dkt. No. 1-1 at 17 (stating that Petitioner was paroled). Petitioner was placed into withholding-only proceedings following a positive reasonable fear determination; it appears this claim was denied, because Petitioner has had an appeal pending before the Board of Immigration Appeals ("BIA") since June 27, 2025.[1] Petitioner has a pending U-visa application and was granted an Employment Authorization Document valid through August 2025; prior to the expiration, he timely filed an application for renewal on April 30, 2025, and was in the process of renewing his employment authorization when he was detained. Petitioner was detained by immigration agents on July 6, 2026,

---

[1] According to Petitioner's Automated Case Information on the Executive Office for Immigration Review's website, his appeal is still pending. *See* https://acis.eoir.justice.gov/en/.

when he appeared for his scheduled biometrics appointment at U.S. Citizenship and Immigration Services ("USCIS") Application Support Center in Riverside, in connection with his pending employment authorization application. Petition at 5–7.[2]

While Petitioner has remained subject to supervision during this time, "a person who is in fact free of physical confinement—even if that freedom is lawfully revocable—has a liberty interest that entitles him to constitutional due process before he is re-incarcerated." *Hurd v. D.C., Gov't*, 864 F.3d 671, 683 (D.C. Cir. 2017); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty.") (collecting cases). Petitioner's release included "an implicit promise that parole will be revoked only if he fails to live up to the parole conditions." *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). This conditional liberty is "'valuable and must be seen as within the protection of the Fourteenth Amendment.'" *Hogarth v. Santacruz*, No. 5:25-cv-09472-SPG-MAR, 2025 WL 3211461, at *7 (C.D. Cal. Oct. 23, 2025) (quoting *Morrissey*, 408 U.S. at 482).

The Court therefore concludes that—consistent with decisions from this District and others—the Due Process Clause protects Petitioner's substantial interest in maintaining his freedom from confinement. *See Cruz*, 2025 WL 4051129 at *3; *C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2025 WL 3059549 at * 10 (E.D. Cal. Nov. 1, 2025) (finding a petitioner had a constitutionally protected liberty interest in "approximately four years on parole"); *Fernandez Lopez v. Wofford*, No. 1:25-cv-01226-KES-SKO, 2025 WL 2959319, at *4 (E.D. Cal. Oct. 17, 2025) (same, with respect to "nearly four

---

[2] The Court uses the page numbers inserted into the pleadings by the Court's electronic filing system.

years" of parole). *See also Manzanarez v. Bondi*, No. 1:25-cv-01536-DC-CKD, 2025 WL 3247258 at *4 (E.D. Cal. Nov. 20, 2025) (same, with respect to "over two years" on an order of release on recognizance).

**2. Risk of Erroneous Deprivation**

With respect to the second *Mathews* factor, Petitioner argues there is a high risk of erroneous deprivation where no process has been provided. Petition ¶ 74. The Court agrees. The risk of an erroneous deprivation of a petitioner's liberty interest is considerable where he has not received any bond or custody redetermination. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025) (risk of erroneous deprivation is considerable for petitioner previously released on bond after it was determined he was not a danger to the community or a flight risk). Petitioner alleges he was provided with no process before his parole was revoked. Petition ¶ 74.

In evaluating this risk, courts that have ordered release and a pre-deprivation hearing have considered the petitioner's compliance with all release conditions and criminal history. *See e.g., Calderon v. Kaiser*, No. 25-CV-06695-AMO, 2025 WL 2430609 at *2 (N.D. Cal. Aug. 22, 2025) (noting that petitioner who was released on her own recognizance did not violate the conditions of her release which included reporting for any hearing or interview); *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) ("Petitioner has no criminal history and indicates that he has attended every check-in and court hearing since he arrived in the United States."); *De Vasquez v. Chestnut*, No. 1:25-CV-1999-JDP, 2026 WL 25539 at *4 (E.D. Cal. Jan. 5, 2026) (noting that since release, "there has been no indication that [petitioner] has become a flight risk or danger to the community"). Petitioner alleges that during his parole, he complied with the immigration process and appeared as required for all appointments and proceedings. There is no

indication that Petitioner had criminal history after he was paroled.[3] In fact, Petitioner's pending U-visa application is based on his status as a victim in a felonious assault from 2016, where a former disgruntled employee struck the left side of Petitioner's body with a machete. Petition ¶¶ 21–23; Dkt. No. 1-1 at 2–8 (U-visa application).

Petitioner's initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Sun v. Santacruz*, No. 5:25-CV-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted). Further, Petitioner's release was predicated on the Government's determination that Petitioner did not present a danger or flight risk requiring his detention. *See* 8 C.F.R. § 212.5 (permitting release on parole under 8 U.S.C. § 1182(d)(5)(A) in limited circumstances, "provided the aliens present neither a security risk nor a risk of absconding"). Since then, Petitioner has established substantial ties with the community and has complied with all reporting requirements.

Based on the record, there is a high risk that the lack of pre-deprivation process—that is, a hearing to determine whether Petitioner in fact presents a danger or flight risk—has resulted in Petitioner's unnecessary re-detention.

**3. Government Interest**

As to the third *Mathews* factor, "as many other courts have recognized, there is no meaningful countervailing government interest that supports

[3] It appears Petitioner had a 1999 state conviction which was set aside on September 10, 2025, pursuant to Cal. Penal Code § 1473.7(a)(1), which states: "A person who is no longer in criminal custody may file a motion to vacate a conviction or sentence for any of the following reasons: (1) The conviction or sentence is legally invalid due to prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a conviction or sentence. A finding of legal invalidity may, but need not, include a finding of ineffective assistance of counsel." Petition ¶ 24; Dkt. No. 1-1 at 19–21 (copy of Superior Court of California order setting aside Petitioner's conviction).

detaining previously paroled noncitizens like petitioner without a predetention hearing." *Cruz*, 2025 WL 4051129 at *4 (collecting cases). "[T]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017). Additionally, "any fiscal or administrative burden the additional procedural safeguard of a hearing before a neutral adjudicator imposes on the government is at most "minimal[.]' " *Sun*, 2025 WL 2730235, at *6 (quoting *Doe v. Becerra*, 2025 WL 691664, at *6 (E.D. Cal. Mar. 3, 2025)). "In immigration court, custody hearings are routine . . . ." *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1048 (E.D. Cal. 2025).

In sum, Petitioner has a strong interest in remaining free from confinement, there is a significant risk that Respondents' lack of constitutionally adequate procedures has resulted in his unnecessary detention, and any government interest in refusing to provide such process is minimal. The Court therefore concludes that the Government's re-detention of Petitioner without adequate pre-deprivation process violated due process. Because the Court concludes that Petitioner is entitled to release on procedural due process grounds, it declines to address Petitioner's remaining claims. Nothing prevents Petitioner from raising these claims again in the future, should the Government re-detain Petitioner following the procedures set forth above.

## IV. Conclusion

The Court grants the Petition based on Claim Two under procedural due process and dismisses the remaining claims without prejudice. The prayer for relief seeks an order forbidding "Respondents from redetaining Petitioner while in valid Pending Petition Class status." Petition at 22.

However, the Petition fails to provide a legal and factual basis for ordering such prospective relief at this time.

## V. Order

For the foregoing reasons, the Petition is GRANTED as to Claim Two, and the remaining claims are dismissed without prejudice.

Petitioner Jesus Marino Quintero Flores (A# 077-298-798) is **ordered released** within 24 hours of this Order on the same conditions of release that existed before his detention.

At the time of release, **Respondents are ordered** to return to Petitioner any of Petitioner's personal belongings that were seized from him, including all identification, work authorization, or other official documents.

**Respondents are further ordered** to file, within three days of Petitioner's release, a status report (1) confirming Petitioner's release, and (2) confirming the return to Petitioner of his personal belongings, including the above-listed items.

IT IS SO ORDERED.

DATED: August 28, 2026

Patricia Donahue

Patricia Donahue
United States Magistrate Judge